UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DISTRICT

---

CHURCH JOINT VENTURE, A
LIMITED PARTNERSHIP,

      **Plaintiff,**

**v.**                              **No. 1:18-cv-1115-STA-jay**

EARL BENARD BLASINGAME,
MARGARET GOOCH BLASINGAME,
AND BLASINGAME FAMILY RESIDENCE
GENERATION SKIPPING TRUST,

      **Defendants.**

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTION FOR SANCTIONS

---

Plaintiff Church Joint Venture has filed this action seeking a declaratory judgment that the assets of the Blasingame Family Residence General Skipping Trust ("BRT") are, in actuality, assets of Earl Benard Blasingame and Margaret Gooch Blasingame, i.e., that the BRT is a "self-settled trust" and, as such, any spendthrift clauses in the BRT instrument are invalid and the trust assets are subject to the claims of Church Joint Venture against the Blasingames. Plaintiff has sued Earl Benard Blasingame, Margaret Gooch Blasingame, and the BRT.[1] Defendants have filed a motion to dismiss (ECF No. 9), an amended motion to dismissed (ECF No. 15), and a motion for sanctions. (ECF No. 12.)[2] Plaintiff has filed responses to the motions (ECF Nos. 13, 14, 16),

---

1 The Blasingames are co-trustees and beneficiaries of the BRT.

2 ECF references are to the docket sheet in this matter unless otherwise noted.

and Defendants have filed a reply to the responses.  (ECF No. 17.)

On April 4, 2019, Defendants filed a notice of the decision of the Sixth Circuit Court of Appeals in a related case, *In re Blasingame*, 920 F.3d 384 (6th Cir. 2019).  (ECF No. 19.) Plaintiff was ordered to show cause why the motion to dismiss should not be granted in light of that decision.  (ECF No. 20.)  Plaintiff has responded to the order to show cause (ECF No. 21), and Defendants have filed a reply to Plaintiff's response.  (ECF No. 24.)

For the reasons set forth below, the motions to dismiss are **GRANTED**, and the motion for sanctions is **DENIED**.

## Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombl*y, 550 U.S. at 557).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence

of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Defendants contend that the complaint in this matter should be dismissed on the grounds that (a) it is duplicative of previous litigation and violates the doctrine against claim-splitting; (b) there are prior pending lawsuits in which the same issues have been raised; and (c) the complaint is barred under the doctrine of res judicata. Plaintiff has responded that the claims asserted in the complaint in the present lawsuit have not been adjudicated in any other forum to a final decision on the merits.

The history of the prior litigation between the parties is not disputed unless otherwise noted.

The 2009 Bankruptcy Proceeding

Earl Benard Blasingame and Margaret Gooch Blasingame filed a Chapter 7 bankruptcy petition on August 15, 2008. *In Re Earl Benard Blasingame and Margaret Gooch Blasingame*, Ch. 7 Case No. 08-28289-L (W.D. Tenn.). Church Joint Venture was an unsecured creditor in the bankruptcy case. Its claims were not objected to by the Blasingames.

On September 29, 2009, the Chapter 7 Trustee and Church Joint Venture filed Adversary Proceeding No. 09-00482 ("2009 Proceeding") which, *inter alia*, sought declaratory and injunctive relief against the BRT and the Blasingame Debtors. Specifically, the Trustee and Church Joint Venture sought a declaratory judgment that the assets of the BRT (as well as other trusts not named in this complaint) were property of the bankruptcy estate. The complaint alleged that:

> It would appear that the Debtors have attempted to transfer certain inherited assets beyond the reach of creditors into the trust without consideration, rendering each trust "self-settled" in whole or part."
>
> The Debtors willfully and knowingly utilize the Trusts and Corporations to conceal and shelter personal assets beyond the reach of creditors. . . It likewise appears that inheritances received by the Debtors, obviously personal assets, have been sheltered in the trust, rendering them "self-settled."

It is now impossible to account whether the present Trust assets came from a third party settlor or from the Debtors who deposited their salaries, their substantial inheritances and personal assets into the shelter of the Trusts so as to render them "self-settled" in whole or part for the specific purpose of evading creditors.

The three (3) Trusts [including the BRT] ... effectively have, over the years, lost their independent status as may have been originally designed and are now used exclusively to hinder, delay and defraud Debtors' creditors as clearly indicated by the transfer of Debtors' property into the trust secure from creditors and rendering the Trusts self-settled in whole or part.

The three (3) trusts [which included the BRT] have been used for an improper purpose and are but the alter egos of the Debtors, shams to thwart, deceive and conceal assets from the claims of creditors and have been so misused and repeatedly comingled that the assets of the same should be considered the assets of the Debtors and made available to satisfy the claims of Debtors' creditors. The three (3) Trusts. . .are, in fact, alter egos and instrumentalities of the Debtors who have and exert unrestricted control and access and engage in a consistent pattern of transfer between and comingling of each entity's assets in a manner such that their assets are the comingled assets of the Debtors and property of the estate.

(Exhibit, 2009 Adversary Compl. ¶¶ 33, 47, 49, 51, 53, ECF No. 15-2.)[3]

In addition to seeking declaratory relief, the complaint sought: (a) to avoid any transfers of property by the Blasingame Debtors to the BRT pursuant to 11 U.S.C. § 544(b); (b) injunctive relief against the BRT to restrict it from making any further transfers of assets; (c) and an accounting by the BRT of "all assets held on the date of filing and all subsequent transfers of property, real or personal by it since the filing of the case. (*Id.* at ¶¶ 56, 73-74, 78, 80-84.) In its prayer for relief, the complaint sought, *inter alia*, a declaration that the assets of the BRT were "property of the estate and subject to the claims of creditors." (*Id.* at ¶ 3.)

---

3   In its response to the motion to dismiss, Church Joint Venture notes that the averments in the 2009 Adversary Complaint were merely "factual averments" and contends, as discussed below, that there has never been a ruling on whether the trusts were, in fact, self-settled. (Pl's Resp. p. 5 and n. 4., ECF No. 16-1.)

Subsequently, the Chapter 7 Trustee filed a motion to approve the sale of all the bankruptcy estate's claims and causes of action that were set forth in the complaint to Church Joint Venture, except for the Trustee's claims objecting to the Blasingame Debtors' discharge, for $100,000 and a reduction in the amount of Church Joint Venture's unsecured claim against the estate. The Trustee's motion requested that the Bankruptcy Court approve the sale of the "Non-Discharge Actions" and that, upon sale, "All right, title and interest in and to the Non-Discharge Actions, as well as any recovery with respect to the Non-Discharge Actions, shall inure to the sole and exclusive benefit of Church JV." (Exhibit, Sale Motion ¶ 6, ECF No. 15-3.) The Bankruptcy Court granted the Sale Motion. (Exhibit, Sale Order, ECF No. 14-4.) After the sale of the non-discharge related claims and causes of action, the Bankruptcy Court dismissed the sold causes of action for lack of subject matter jurisdiction.

The Bankruptcy Court then denied the Blasingames' discharge on the ground that the Blasingames had intentionally lied under oath, having made false statements as to their assets in their Schedules and Statement of Financial Affairs. At the time of the filing of Church Joint Venture's response to Defendants' motion to dismiss in this case, the bankruptcy case was still open and being administered by a Chapter 7 Trustee.

2012 Lawsuit in the United States District Court

On November 16, 2012, Church Joint Venture, which was now the owner of the claims asserted by the Trustee in the complaint in the 2009 Proceeding, filed a lawsuit in the United States District Court for the Western District of Tennessee ("2012 Lawsuit") before Judge Samuel H. Mays, asserting the purchased claims. *Church Joint Venture v. Blasingame*, 2:12-cv-02999-SHM-tmp (W.D. Tenn. Nov. 16, 2012). As had the complaint in the 2009 Proceeding in

Bankruptcy Court, the 2012 complaint alleged, *inter alia*, that the BRT was self-settled by Earl and Margaret Blasingame and that it was a sham, alter ego, or reverse alter ego of the Blasingames and that its assets should be considered to be property of the Blasingames. (2012 Lawsuit, Compl. ¶¶ 77, 74, ECF No. 1.)[4] An amended complaint was filed on June 14, 2013. (*Id.*, Amd. Compl., ECF No. 81.) The amended complaint also contained language to the effect that the BRT (and other family trusts which are not involved in the present lawsuit) was self-settled.[5] (*Id.* at ¶ 92.)

The 2017 Bankruptcy Proceeding

Following Judge Mays' dismissal of portions of Church Joint Venture's declaratory judgment (*id.*, Order, ECF No. 146) (and while the 2012 Lawsuit was still pending), Church Joint Venture returned to Bankruptcy Court and obtained derivative standing to file a new Adversary Proceeding on behalf of the Chapter 7 Trustee.[6] Under the theory that it had not acquired the self-settled trust claims in the Sale Order, Church Joint Venture sought a declaratory judgment that the assets of the BRT were property of the bankruptcy estate because the BRT was a self-settled trust. (Exhibit, 2017 Adversary Compl., ECF No. 15-6.)

The Blasingames filed a motion to dismiss the 2017 Adversary Complaint on the ground that the Chapter 7 Trustee had previously sold his claim that sought a declaratory judgment that the assets of the BRT were property of the estate and, therefore, the Bankruptcy Court lacked subject matter jurisdiction since the Trustee lacked standing to assert a claim that had been

---

4 Despite the language in the complaint, Plaintiff contends that it did not assert specific claims or causes of action based on the theory of a self-settled trust.

5 Although Plaintiff filed its amended complaint on June 14, 2013, the Court did not grant Plaintiff's motion to amend until September 27, 2013.

6 The 2017 Adversary Complaint was filed in the original bankruptcy case, No. 08-28289-L.

previously sold. Alternatively, the Blasingames asserted that the 2017 Adversary Complaint should be dismissed because (a) the Trustee was not the true party in interest under Federal Rules of Bankruptcy Procedure Rule 15 by virtue of the prior sale of the declaratory judgment action to Church Joint Venture and (b) the Bankruptcy Court would lack subject matter jurisdiction if Church Joint Venture was joined as the real party in interest since the litigation would have no economic effect on the bankruptcy estate. (Exhibit, Bankr. Order of Dismissal, ECF No. 15-7.)

Church Joint Venture opposed the motion to dismiss and argued that (1) neither the 2009 Adversary Complaint nor the 2012 Lawsuit asserted that the BRT was a self-settled trust; (2) the claim for a declaration that the BRT was self-settled was not sold to the Trustee; and (3) the District Court had not made any determination on the issue of whether the BRT was a self-settled trust. (*Id.* p. 8.)

On August 18, 2017, the Bankruptcy Court rejected Church Joint Venture's arguments and granted the Blasingames' motion to dismiss, in effect agreeing that the Sale Order included the self-settled trust claims. (*Id.*)

Church Joint Venture appealed the Bankruptcy Court's dismissal order to the Bankruptcy Appellate Panel ("BAP") for the Sixth Circuit. On June 6, 2018, the BAP affirmed the Bankruptcy Court's dismissal. *Church Joint Venture, L.P. v. Blasingame* (*In Re Blasingame*), 585 B.R. 850 (6th Cir. BAP 2018). On June 18, 2018, Church Joint Venture filed a Notice of Appeal of the BAP's ruling to the Sixth Circuit Court of Appeals. The decision of the BAP was affirmed by the Court of Appeals in *In re Blasingame*, 920 F.3d 384 (6th Cir. 2019), which is discussed in detail below.

The 2012 Lawsuit

On March 9, 2017, Judge Mays clarified that the only issue remaining for trial against the BRT was the claim that, in January 2005, Margaret Gooch Blasingame had transferred to the BRT a piece of property which she inherited from her mother. (Order, 2012 Lawsuit, ECF No. 217.)

Following the Bankruptcy Court's dismissal of the 2017 Adversary Complaint, Church Joint Venture filed a motion to amend the complaint in the 2012 Lawsuit to state additional facts to support a claim that the BRT was self-settled. The Blasingame Defendants opposed the amendment. Judge Mays denied the motion on April 26, 2018. In denying Church Joint Venture's motion to amend, Judge Mays found that Church Joint Venture had not shown cause to justify its delay in seeking to amend.

Additionally, Judge Mays rejected Church Joint Venture arguments that it had not previously raised self-settled trust claims as follows:

> Church JV's original Complaint in this action alleged that Debtors' trusts were self-settled. (Compl., ECF #1 ¶ 77, 79). The Amended Complaint alleges the same. (Am. Compl., ECF #81 ¶¶ 90, 92 ("It likewise appears that inheritances received by the Debtors, obviously personal assets, have been sheltered in the trusts, rendering them subject to being claimed to be 'self-settled'. . . [G]reater amounts have long since been distributed over the ensuing 16 years the Debtors and their children in support of their lifestyle, such that it is now impossible to account whether the present trust assets came from a third party settlor or from the Debtors who deposited their salaries, their substantial inheritances and personal assets and to the shelter of the trust so as to render them 'self-settled' in whole or in part for the specific purpose of evading creditors."). Church JV's proposed amendment expands on those allegations, giving specific dates, transactions and transfers of assets. (*See* Proposed Sec. Am. Compl., ECF #229-1, ¶¶ 93-170).
>                                              . . .
>
> Church JV, as a creditor, could have attempted to reach the assets of the Debtors' self-settled trust under Tenn. Code Ann. § 35-16-101 and § 35-15-505. Church JV's ability to reach those assets did not depend on whether Church JV was assigned the Chapter 7 Trustee's claim to the assets under 11 U.S.C. § 548(e). **The original and amended Complaints establish that Church JV believed the Debtors were using self-settled trusts to shield their assets.**

(Exhibit, Order, ECF No. 10-10 (emphasis added).)

Following Judge Mays' denial of the motion for leave to amend, Church Joint Venture filed this lawsuit (as well as a separate lawsuit before this Court against the Blasingame Family Business Investment Trust and the Blasingames) asserting the same claims which Plaintiff sought to raise in its proposed second amended complaint in the 2012 Lawsuit.

The remaining claims in the 2012 Lawsuit were tried before Judge Mays on September 24-26, 2018. The jury found in favor of Church Joint Venture on the question of whether Margaret Gooch Blasingame had made fraudulent transfers totaling $29,555.36 to an account owned by the Blasingame Family Residence Generation Skipping Trust between January 1, 2007, and July 31, 2008, and whether Margaret Gooch Blasingame and Earl Benard Blasingame made a fraudulent transfer of real property to the Blasingame Business Investment Trust in a quitclaim deed dated January 3, 2005. (2012 Lawsuit, Jury Verdict, ECF No. 259.) The transfer of $29,555.36 and the transfer of real property were set aside. (*Id.*, Amd. J., ECF No. 266.) Church Joint Venture filed a notice of appeal on October 26, 2018.

<u>Analysis</u>

Defendants contend that this action should be dismissed because the claims have already been litigated in the 2012 Lawsuit and consequently are precluded by the doctrines of claim-splitting and res judicata. Defendants argue that Plaintiff must join all claims arising from a transaction in a single proceeding and cannot split those claims into multiple actions or file them in multiple forums, as Plaintiff allegedly did in this case. Plaintiff has responded that the claims in the present action, specifically whether the BRT is self-settled, have not previously been adjudicated in any forum to a final decision on the merits.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (internal quotation marks omitted). That is, res judicata bars subsequent litigation of the same cause of action when a court has already issued a final decision on the merits in an earlier case between the same parties. *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (citation omitted). Claim-splitting is a variation of res judicata. "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). Claim-splitting is basically the same as res judicata but with a presumption of a final judgment instead of an actual final judgment. *Id.* Both doctrines are predicated on the principle that courts have discretion to control their dockets by dismissing duplicative cases. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). In the present case, both doctrines are present in that Plaintiff filed this action while the 2012 Lawsuit was pending, but that matter has now been fully adjudicated and is on appeal.

As an initial matter, the Court finds Plaintiff's argument that claim-splitting is not recognized in the Sixth Circuit to be inaccurate. Clearly, courts in the Sixth Circuit have applied this doctrine - both in reported and unreported cases. *See*, *e.g.*, *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) (stating that "[a] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora"); *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (finding that claim-splitting is precluded except when "the

parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein"). *See also Twaddle v. Diem,* 200 F. App'x 435, 439 (6th Cir. 2006) (noting that "plaintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other") and *Waad v. Farmers Ins. Exch.*, 2019 WL 386948 (6th Cir. Jan. 30, 2019) (explaining the difference between claim-splitting and res judicata.)

In the present case, to prevail on its motion to dismiss, Defendants must show that a self-settled claim was brought in the 2012 Lawsuit and was adjudicated to a final decision, in addition to being brought in the present action. If so, then Church Joint Venture has engaged in prohibited claim-splitting, and the motion to dismiss must be granted. The Court finds that the self-settled claim was adjudicated to a final decision in the 2012 Lawsuit and cannot be brought now.

At the time this complaint was filed, the 2012 Lawsuit brought by Church Joint Venture was pending before Judge Mays. As noted above, the original complaint in the 2012 Lawsuit asserted that the BRT was self-settled by Earl and Margaret Blasingame and that it was a sham, alter ego, or reverse alter ego of the Blasingames and that its assets should be considered to be property of the Blasingames. (2012 Lawsuit, Compl. ¶ 77, ECF No. 1 ("It likewise appears that inheritances received by the Debtors, obviously personal assets, have been sheltered in the trusts, rendering them subject to being claimed to be 'self-settled.'")). An amended complaint was filed on June 14, 2013. The amended complaint also contained language to the effect that the BRT was self-settled. (*Id.*, Amd. Compl. ¶ 92, ECF No. 81 (alleging that "the Debtors …deposited their salaries, their substantial inheritances and personal assets into the shelter of the Trusts so as to render them 'self-settled' in whole or part for the specific purpose of evading creditors")). The proposed second amended complaint in the 2012 Lawsuit (*id.*, ECF No. 229) also contained self-

settled language.

Judge Mays had already dismissed Church Joint Venture's claim seeking a declaration that the assets of the BRT were assets of the Blasingames, other than one piece of real property, by the time this lawsuit was filed. Judge Mays found that the BRT was settled by Mavoureen Blasingame, the mother of Earl Benard Blasingame, rather than being settled by Defendants, i.e., it was not self-settled. *Church Joint Venture v. Blasingame*, 2016 WL 3248044 *2 (W.D. Tenn., January 13, 2016). After this ruling, Church Joint Venture returned to the Bankruptcy Court to seek a declaratory judgment that the BRT was self-settled and that its assets were property of the Bankruptcy Estate. The Bankruptcy Court clarified that Church Joint Venture had purchased a self-settled claim in the Sale Order, and, thus, the Bankruptcy Court had no jurisdiction over the self-settled claim. Whether Church Joint Venture "believed" that it had purchased that claim at the time it filed the 2012 Lawsuit is not determinative of whether it actually purchased the claim. Additionally, Church Joint Venture's contention that it did not know it had purchased the claim is belied by the fact that the original complaint and the amended complaint are replete with averments that the BRT was self-settled.

Moreover, Defendants asserted that the self-settled claims were purchased under the Sale Order and owned by Church Joint Venture in a pleading in Bankruptcy Court in April 2017. (2012 Lawsuit, Exhibit, ECF No. 229-15.) Church Joint Venture did not file its motion to file a second amended complaint until five months later on September 26, 2017. Even without the Bankruptcy Court's order, Church Joint Venture was on notice by April 2017 that the Sale Order could be interpreted to mean that it had purchased the self-settled claim, but it waited five months to file its second motion to amend and risked having the motion to amend denied as untimely by

12

Judge Mays.

In denying the motion for leave to file a second amended complaint, Judge Mays rejected

Church Joint Venture's arguments that it had not previously raised self-settled trust claims stating:

> Church JV's original complaint in this action alleges that the debtors' trusts were
> self-settled. The amended complaint alleges the same. The original and amended
> complaints establish that Church JV believes the debtors were using self-settled
> trusts to shield their assets.

(2012 Lawsuit, Order pp. 21-23, ECF No. 244 (citations to the record omitted)).

And, finally, the Sixth Circuit Court of Appeals decided this issue in *In re Blasingame*, 920

F.3d 384 (6th Cir. 2019), when it affirmed the decision of the BAP affirming the decision of the

Bankruptcy Court that Church Joint Venture had, in fact, bought the self-settled claim as part of

the Sale Order. The Court of Appeals summarized some of the prior proceedings as follows:

> [Looking at] the Blasingames' bankruptcy, the Bankruptcy Trustee initially tried to
> recover the assets Church found. Specifically, the Bankruptcy Trustee authorized
> Church to sue derivatively on its behalf in bankruptcy court. But a few years into
> that proceeding, the Bankruptcy Trustee changed course and decided to sell the
> cause of action instead. Church bought the cause of action for a lump sum payment
> and a reduction in Church's claim against the bankruptcy estate.
>
> Since the sold cause of action could no longer affect the value of the bankruptcy
> estate, the bankruptcy court dismissed Church's case for lack of jurisdiction. So
> Church filed a new lawsuit against the Blasingames and their trusts in district court
> [the 2012 Lawsuit] and claimed that the Blasingames' trusts were their "alter-egos."
> But the district court dismissed this lawsuit, concluding that Tennessee would not
> recognize Church's alter-ego theory outside of the corporate context.
>
> Unhappy with this setback, Church tried again in bankruptcy court, filing another
> adversary proceeding on behalf of the Bankruptcy Trustee. This new case
> specifically targeted just one of the allegedly offending trusts—the Blasingame
> Family Business Investment Trust (the "Investment Trust"). But the underlying
> factual allegations were the same: that the Blasingames used the Investment Trust
> as a front to shield their assets from creditors. This time, Church emphasized a
> different legal theory—that the trust was "self-settled," meaning the settlors,
> trustees, and beneficiaries were all one and the same. Church argued that the
> Blasingames exercised complete control over the Investment Trust, making it

invalid. But the bankruptcy court concluded that the self-settled suit was just a subset of the first, broader cause of action. And since the Bankruptcy Trustee already sold that cause of action, the Trustee could not pursue it again, nor could Church pursue it on the Trustee's behalf. Thus, the bankruptcy court dismissed the case for lack of standing.

*In re Blasingame*, 920 F.3d at 389–90 (citations omitted).

The Court of Appeals rejected Church Joint Venture's argument that it had not previously raised a self-settled claim by looking at the meaning of "cause of action." "A 'cause of action' is best understood as a set of facts giving rise to one or more grounds for legal relief." *Id.* at 390 (citations omitted). The Court then determined that Church Joint Venture's "self-settled legal theory" was based on the same underlying facts as its other theories. *Id.* at 391.

Church's self-settled complaint does emphasize a different legal theory— describing the trust as "self-settled" rather than an "alter-ego" or "instrumentality"—but that does not constitute a separate cause of action. Nor does it matter that the self-settled complaint contains additional factual details about the Investment Trust—for instance, a list of the Investment Trust's assets and excerpts of its terms. Different legal theories almost always "emphasize different aspects of the same facts or rely on some factual details rather than others," **but if they are part of the same overall group of facts, then they are part of the same cause of action.**

*Id.* (emphasis added) (citations omitted). Additionally,

But Church still loses even if we accept its argument that "cause of action" only includes specific legal theories, rather than the facts underlying them. *See Black's Law Dictionary* 267 (10th ed. 2014) (alternatively defining "cause of action" as "[a] legal theory of a lawsuit"). The first complaint specifically sought declaratory relief that the trusts were "self-settled." Within the "First Cause of Action" section, the complaint sought a declaration that the Blasingames' trusts have "lost their independent status ... as clearly indicated by the transfer of Debtors' property into the Trusts ... rendering the Trusts self settled in whole or part." And Church repeatedly described the trusts as "self settled" throughout the rest of the complaint. At the very least, this indicates Church recognized that the first complaint's factual allegations encompassed a self-settled trust legal theory. Ultimately, Church was "master of [its] complaint," so we take Church at its word: the first complaint included a "Cause of Action" that the Investment Trust was "self settled." And the Bankruptcy Trustee sold the "causes of action" contained in that first complaint.

*Id.* at 392 (some citations omitted).

Church Joint Venture contends that the Court of Appeals opinion helps rather than hurts its position in this Court. According to Church Joint Venture, the only claims asserted before Judge Mays were the alter ego/fraud claims and Defendants sought dismissal of those claims only in their motion to dismiss in the 2012 Lawsuit. Church Joint Venture argues that the Court of Appeals opinion did not hold that its self-settled claims had been previously asserted and adjudicated to finality.

Although Church Joint Venture is correct that the Court of Appeals opinion concerns Church Joint Venture's appeal from the BAP's decision, it also informs this Court's decision on the present motion to dismiss as these cases are inextricably tied together. The Court of Appeals made clear that the claims purchased by Church Joint Venture from the Chapter 7 Bankruptcy Trustee included claims that the BRT was self-settled. When Church Joint Venture filed its 2012 Lawsuit alleging the claims that it had purchased from the Trustee, it made repeated allegations that the BRT was self-settled. As noted above, Judge Mays pointed out that self-settled claims had been made in Church Joint Venture's original complaint and first amended complaint when he denied the motion to file a second amended complaint. ("Church JV's original complaint in this action alleges the Debtors' trusts were self-settled. The amended complaint alleges the same." (2012 Lawsuit, Order pp. 21-23, ECF No. 244 (citations to the record omitted)).

Church Joint Venture's claim that the present lawsuit is the first time that it has "raised affirmative claims for relief that any trust was self-settled" is not supported by the decisions of Judge Mays or by the decisions of Judge Jennie D. Latta in the Bankruptcy Proceeding, the Sixth Circuit BAP, and the recent Sixth Circuit decision. As held by the Court of Appeals, Church

Joint Venture's emphasis on an alter-ego or fraud theory, while making factual averments that the trust was self-settled, "does not constitute a separate cause of action." *In re Blasingame*, 920 F.3d at 391. Instead, the self-settled claim was part of the cause of action bought by Church Joint Venture, and, accordingly, was part of the 2012 Lawsuit.

Because judgment has been entered in the 2012 Lawsuit, any new claim predicated on legal theories which could have been used to support the 2012 complaint's claim for declaratory judgment are precluded by both the prohibition against claim splitting and the doctrine of res judicata. As explained by the Court of Appeals,

> Permitting the Bankruptcy Trustee to re-assert factual allegations that it already sold - and that are already being pursued in a separate action [the 2012 Lawsuit] - would lead to the exact problems res judicata prevents; 'the expense and vexation' of multiple lawsuits, wasted 'judicial resources,' and 'the possibility of inconsistent decisions"

*In re Blasingame*, 920 F. 3d at 391-92 (citation omitted). Thus, Defendants' motion to dismiss must be granted.

Motion for Sanctions

Defendants have moved the Court to sanction Church Joint Venture under Rule 11 of the Federal Rules of Civil Procedure or, in the alternative, to award fees pursuant to 28 U.S.C. § 1927 for "unreasonably and vexatiously multiplying proceedings." As noted by Defendants, "[I]n this circuit, the test for the imposition of Rule 11 sanctions [is]. . .whether the individual's conduct was reasonable under the circumstances." *E&H Medical, LLC v. ABP Admin., Inc.*, 354 F. Supp.2d 746, 748 (E.D. Mich. 2005) (quoting *Union Planters Bank v. L&J Development Co.*, 115 F.3d 378, 384 (6th Cir. 1997)). Section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes

additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). "The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230–31 (6th Cir. 1986)). According to Defendants, in light of the prior rulings by Judge Mays and Judge Latta, it was not reasonable for Plaintiff to file the present lawsuit asserting the same claims.

The Court finds that Rule 11 sanctions and/or an award of attorney fees under § 1927 are not appropriate in this case because, due to the complexity of the issues and the length of the prior litigation, Plaintiff could reasonably have believed that the present lawsuit was warranted. Despite the granting of Defendants' motion to dismiss, the Court finds that Plaintiff presented a plausible argument. Therefore, Defendants' motion for sanctions is denied.

<u>Summary and Conclusion</u>

Defendants' motion to dismiss on the grounds of claim-splitting and res judicata is **GRANTED**, and the Clerk of the Court will enter judgment in favor of Defendants. Defendants' motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE

> Date:    May 14, 2019